

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,057-01

### EX PARTE MIGUEL ROSALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. NO. 1993-CR-0547-W1 IN THE 226TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*. RICHARDSON, J., not participating.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of heroin and sentenced to twenty-five years' imprisonment.

Applicant contends that he was denied adequate notice of the revocation of parole and the rationale for the revocation.

Based on documentation provided by the Texas Department of Criminal Justice, Parole Division, the trial court determined that there is no record that Applicant was timely informed of the Parole Board's decision to revoke his parole. Consequently, Applicant was not able to request

that the decision to be revoke be reopened within 60 days of the date of revocation. The trial court recommends granting a new revocation hearing. We agree that the record shows a due process violation, but Applicant is not entitled to a new revocation hearing. The Board of Pardons and Paroles shall provide Applicant with notice that his parole was revoked. The notice shall include the revocation allegations and findings so that Applicant may request to reopen the revocation decision in accordance with the Board's rules.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Paroles Division.

Delivered:     October 2, 2019

Do not publish